**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILTON GEOVANNY ZHANGALLIMBAY-CORREA,<br><br>                              Petitioner,<br><br>    v.<br><br>WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY, *et al.*,<br><br>                              Respondents. | Case No. 26-cv-01694-BAS-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Milton Geovanny Zhangallimbay-Correa filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting immediate release or a bond hearing.  (ECF No. 1.)  The Government responded to the Petition, acknowledging that, based on this Court's previous rulings, Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). (ECF No. 4.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within seven days.

**I.    LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the

26cv1694

writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

**II.    ANALYSIS**

Petitioner, an Ecuadorian citizen, entered the United States on November 23, 2015, without inspection. (Petition, ECF No. 1 ¶ 2.) Immigration and Customs Enforcement ("ICE") arrested him on November 8, 2025, in the interior of the United States. (*Id.*) Since his arrest, the Department of Homeland Security ("DHS") has refused to grant his request for a bond hearing, relying on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.* ¶ 4.)

The Central District of California certified a class and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). Although the Ninth Circuit stayed and restricted application of that class to only those located in the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the Court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026). For all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

**IV.    CONCLUSION**

Accordingly, the Court issues the following writ:

26cv1694

The Court **ORDERS** a bond hearing before an Immigration Judge for Milton Geovanny Zhangallimbay-Correa (A# 208-135-499) within seven days of this Order. The bond hearing is ordered to be controlled by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within seven days, Petitioner is ordered released forthwith.

In light of this ruling, the Court **TERMINATES AS MOOT** the Motion for a Temporary Restraining Order. (ECF No. 5.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 1, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv1694